# IN THE COURT OF APPEALS OF IOWA

No. 20-0638
Filed May 12, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**NICHOLAS LEE WESSEL,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Warren County, Patrick W. Greenwood, Judge.

A defendant challenges the revocation of his probation and imposition of a prison sentence. **AFFIRMED.**

Gary Dickey of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Ahlers, JJ.

**TABOR, Judge.**

After considering Nicholas Wessel's several probation violations and failed drug tests, the district court revoked his deferred judgment and sentenced him to a prison term not to exceed ten years for possession with intent to deliver methamphetamine. On appeal, Wessel argues the record fails to support the court's conclusion that he represented a danger to the community and the court did not consider his mental health. Finding no abuse of discretion, we affirm.

In the summer of 2018, Wessel pleaded guilty to possession of methamphetamine with intent to deliver, a class "C" felony, in violation of Iowa Code section 124.401(1)(c)(6) (2018).[1] Wessel received a deferred judgment. But he was unsuccessful on probation. The court held Wessel in contempt three times between November 2018 and October 2019 when he tested positive for drugs and violated the terms of his probation. The court ordered Wessel to complete treatment programs. Those efforts were unsuccessful. The Door of Faith program discharged Wessel after he tested positive for methamphetamine. Wessel then enrolled in Zion Recovery. But that program discharged him for not getting a mental-health evaluation during his furlough.

At an April 2020 probation-revocation proceeding, the State urged the court to revoke Wessel's deferred judgment and impose a prison term not to exceed ten

---

[1] The State originally charged Wessel with three crimes: 1) possession with intent to distribute a controlled substance to persons under eighteen near a school, while in possession of a firearm, a class "B" felony; 2) possession with intent to manufacture or deliver marijuana, while in possession of a firearm, a class "D" felony; and 3) possession of methamphetamine, a serious misdemeanor.

years. Conceding a probation violation, Wessel nevertheless asked the court to impose a suspended sentence and allow him to stay on probation. His attorney told the court: "the reality of this situation is . . . we have a young man who has both mental health and substance abuse problems."

Wessel's probation officer testified that the House of Mercy recommended Wessel see a doctor about anti-anxiety medication and that Wessel periodically sought counseling. But the officer testified he did not believe Wessel's "level of mental health impairment [was] to a degree that it would . . . not allow him to complete treatment or abide by probation."

The district court elected to revoke Wessel's deferred judgment and impose an indeterminate ten-year prison term. Wessel now appeals, challenging the prison sentence.

We review the sentence for an abuse of discretion. *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020). We apply the same standard of review for a revocation of probation. *State v. Covel*, 925 N.W.2d 183, 187 (Iowa 2019). An abuse of discretion occurs when the court exercises its discretion on grounds or for reasons that are clearly untenable or unreasonable. *Id.*

When pronouncing sentence, the court's objective is to provide the defendant with the maximum opportunity for rehabilitation and to protect the community from further offenses by the defendant or others. Iowa Code § 901.5. To that end, courts must consider relevant factors such as the defendant's age; his record of convictions and deferments of judgment if any; his employment and family circumstances; his mental-health and substance-abuse history and

treatment options available; the nature of the offense committed; and other appropriate factors. *See id.* § 907.5.

Here, the district court considered the appropriate factors in crafting its sentence. In support of its decision, the district court highlighted:

> [Wessel's] age; [his] prior record of convictions and record of deferred judgments; [his] employment and family circumstances; the nature and circumstances of the offense that [he] committed, especially those regarding the probation violation. I'll also consider any treatment you need to alleviate mental health, substance abuse, or other health issues.

In weighing those factors, the district court, determined that granting Wessel probation would "set [him] up for failure." Noting Wessel's failed attempts to complete probation, the court further held, "it is abundantly clear" that both sentencing objectives "would be served by a sentence of incarceration."

Taking issue with that decision, Wessel contends the district court abused its discretion in two ways. First, Wessel argues that "the record does not support the court's conclusion that [he] was a danger to the public because of the manner in which [he] violated probation." Second, Wessel alleges that "the district court failed to consider [his] mental health needs."[2] Neither argument persuades us to disturb the sentence.

---

[2] On appeal, Wessel describes the presentence investigation report (PSI) as "bare bones" and complains that it lacked information about his mental-health history and treatment needs. Wessel suggests the court should have ordered an updated PSI to assist in its sentencing determination. Wessel did not make that request at the probation-revocation hearing. But his attorney did make arguments concerning Wessel's mental-health needs. The court acknowledged the PSI was "less thorough than typical" because Wessel received a deferred judgment. But the court had adequate information about Wessel's circumstances to reach its sentencing decision.

On the first point, the district court held that "in light of the manner in which [Wessel] violated probation," the community needs protection from him. We agree Wessel's unchecked addiction presented a danger not only to himself, but to the public. *See State v. Curley*, No. 11-1318, 2012 WL 1247144, at *2 (Iowa Ct. App. Apr. 11, 2012) (upholding prison sentence where court considered "problems methamphetamine presents to society"). Over the last two years, Wessel squandered opportunities to avoid prison by violating terms of his probation, testing positive for methamphetamine, and being discharged from treatment facilities.

Lastly, the record does not support Wessel's second contention that the district court ignored his mental health in determining the proper sentence. In fact, the court recognized that "most likely, [Wessel] needs mental health treatment." The court also listed Wessel's mental health among the factors it considered. Nonetheless, the court believed that incarceration was the best sentence to maximize Wessel's rehabilitation and to protect the community. *See State v. Simpson*, No. 18-0585, 2019 WL 319854, at *2 (Iowa Ct. App. Jan. 23, 2019) (holding the district court appropriately exercised its discretion by assigning certain factors greater weight and concluding that a term of incarceration was appropriate).

Although Wessel is disappointed in the outcome, the district court weighed all the appropriate factors in imposing the sentence it did. Based on this record, the court did not abuse its discretion by sentencing Wessel to an indeterminate ten-year prison sentence.

**AFFIRMED.**